## PETER J. MONTROSS v. THE STATE.

1. CONSTITUTIONAL LAW. *Legislative power to confer jurisdiction on inferior courts.*
   *Municipal charter.*
   The legislature cannot confer upon courts established by it jurisdiction ex-
   clusive of that which by the constitution is given to courts established by
   the constitution itself, nor can it delegate to such courts the power to declare
   what shall be the punishment for offenses against the laws of the State.
   Hence, where it was the purpose of the legislature in a municipal charter to
   confer upon the municipal authorities the exclusive right to determine
   what should be the punishment inflicted for a commission of certain offenses
   against the State committed within the limits of the town, and jurisdiction
   exclusive of the circuit courts to sit in judgment upon a person charged with
   such offense, each of these purposes was violative of the constitution and
   the scheme ineffectual.

2. PRIOR JEOPARDY. *Jurisdiction.*
   A party who has been tried and convicted by a court not having jurisdiction
   of the offense cannot plead prior jeopardy if subsequently indicted for the
   same offense in a court having jurisdiction thereof.

APPEAL from the Circuit Court of Harrison County.

HON. SAMUEL H. TERRAL, Judge.

The facts are stated in the opinion.

*R. Seal,* for the appellant.

The first question presented to the court is, has the Mayor's Court
of the Town of Biloxi, under the constitution and laws of the State
of Mississippi jurisdiction over the offense charged in the indictment
here preferred against this appellant to solve this question in the
affirmative.    The court is referred to Article I, Sec. 31, of the bill
of rights ? This section empowers the legislature in cases of petit lar-
ceny and other misdemeanors of like character to dispense with an
inquest of a grand jury, and authorizes prosecutions before justices
of the peace or before such other inferior court or courts as the legis-
lature may establish, and such proceedings to be regulated by law.

It is under this section of the constitution that the legislature
conferred jurisdiction to justices of the peace over misdemeanors.
The jurisdiction and authority of justices of the peace to hear and
try misdemeanors is no longer a debatable question.

Under the same section of the constitution, the legislature estab-

---

lished the mayor of the town of Biloxi an inferior court with full jurisdiction over misdemeanors in said town, with power to hear and try all persons charged with such offenses. The court is referred to an act entitled, "An Act to amend section seven of an act entitled 'An Act to incorporate the city of Shieldsborough,'" approved October 3, 1866, and extended to the town of Biloxi, and approved February 4, 1867. This act was approved March 8, 1882; see page 309 of the acts of 1882. The appellant was charged by affidavit for the same identical offense here preferred, was arrested, arraigned upon said charge before said mayor's court, and plead not guilty, found guilty and sentenced by said court. He plead this conviction in bar of this prosecution. If the mayor's court had jurisdiction, this was a good plea in bar. The legislature having delegated the jurisdiction to the mayor's court, he had jurisdiction unless the legislature had no such power under the constitution to pass the act referred to. We apprehend no difficulty on this point. He certainly cannot be tried and convicted twice for the same offense. The demurrer of the State to this plea should have been overruled and the defendant discharged.

*T. C. Catchings*, Attorney General, for the State.

1. As to the plea of former conviction, I refer to my brief in the case of *Nicholas Voivedich* v. *The State*, involving the same question.

2. The State had served notice on the defendant to produce his license. The notice, it is true, did not specify the case, but the defendant held he was indicted for this offense, and it was sufficient to put him on his notice, and that is all the law requires. Hence, it was competent to put in evidence the license book of the tax collector. Besides, it was not necessary to make specific proof that he was licensed. The law presumes, until the contrary is shown, that every man conducting a saloon is licensed, because the presumption is that no man will violate the law. The charge in the indictment is *prima facie* sustained when it is shown that he is conducting a saloon.

3. The defendant's plea of former conviction set up that he was licensed, and this is an admission of the highest nature that he was licensed and no other evidence was required.

4. The court did not err in charging that his obtaining a license and assuming under that license to be the proprietor was competent evidence that he was proprietor. This is not a charge upon the weight of evidence, but announces a correct legal presumption and an irrebutable one.

5. The verdict is so manifestly right upon the evidence that it will not be reversed, even if there be errors in the record.

COOPER, J., delivered the opinion of the court.

By the seventh section of the act approved October 23, 1866, incorporating the town of Shieldsborough, the mayor, two aldermen, the clerk, and the marshal of said town were declared to constitute an inferior court of record, to be designated by the name and style of "Mayor's Court of the City of Shieldsborough," and jurisdiction was conferred upon said court in this language: "The said court thus constituted shall have full, complete, and exclusive jurisdiction of all the police matters prescribed by the ordinances and by-laws of said city, of all breaches of the peace, assaults, assaults and batteries, violations of the Sabbath of every kind against the laws of the State, etc." By a subsequent part of said section it was provided that, "the judgment of said mayor's court shall in all cases be final, unless when the fine imposed for violation of the ordinances and by-laws of said corporation shall exceed twenty dollars." By the tenth section of the act it is provided, "that the judicial powers vested by this act in the Mayor's Court of the City of Shieldsborough shall not be construed in any way as superseding or in any way interfering with the jurisdiction of the justices of the peace within said city as derived from the State laws."

In 1850 the town of Biloxi was incorporated, and by the eighth section of the act it was provided that the electors of that town should elect two justices of the peace for said town.

On the 4th day of February, 1867, an act was passed reviving and amending the act incorporating the town of Biloxi, by which act the seventh section of the act incorporating the town of Shieldsborough was made a part of the charter of the town of Biloxi.

On the 8th day of March, 1882, an act was passed by which the said seventh section of act incorporating the town of Shieldsborough (and extending to the town of Biloxi) was amended by the insertion therein of these words, "that for all violation of the laws of the State of Mississippi, as enumerated in the preceding portion of this section, the board of mayor and aldermen shall have the power, and are hereby authorized and empowered, to regulate all fines imposed for said violations of the State laws, at not less than one dollar or more than twenty-five dollars, as in opinion will best insure the enforcement of the laws of the State of Mississippi, and the welfare and order of the community."

The appellant was indicted in the Circuit Court of Harrison County for keeping open his bar-room on Sunday, and pleaded in bar of the prosecution a former conviction for the same offense before the Mayor's Court of the Town of Biloxi, in which town the offense was committed, by which court he had been fined the sum of one dollar and twenty-five cents and costs of prosecution. To this plea there was a demurrer by the State, which was sustained, and the defendant, having been convicted, prosecutes this appeal.

The demurrer to the plea was properly sustained.

The legislature has by the constitution power to establish inferior courts and to confer upon such courts jurisdiction over crimes and misdemeanors, but it cannot confer upon such courts jurisdiction exclusive of that which by the constitution is given to the courts established by the constitution itself. By section fourteen of article six of the constitution, original jurisdiction is conferred upon the circuit courts of the State in all criminal matters, and such jurisdiction cannot be withdrawn by the legislative department of the government. The legislative, the executive, and the judicial departments are each protected by the constitution against encroachments by the others, and the power conferred upon either cannot be withdrawn or abridged by either or both of the co-ordinate branches. If the legislature may withdraw from the constitutional court jurisdiction conferred by the constitution over one class of cases, it may withdraw it over another and another, until finally there would be no subject over which it might be entertained.

By the amendment of 1882 the legislature attempted to delegate to the municipal authorities of the towns of Shieldsborough and Biloxi the power to modify or enlarge the laws of the State, so as to make the punishment of certain offenses depend not upon the laws of the State as enacted by the legislature, but upon the laws as amended by the municipal bodies. This it had no power to do. Authority might have been conferred upon these bodies to declare what should be offenses against the municipalities and to punish for such offenses, but the people by the constitution have declared to what body of men they are willing to give the power of declaring what shall be the laws of the State, and what shall be the punishment imposed for the violation of such laws. If it is competent for the body to whom this power is conferred to delegate a part thereof to the municipal authorities of one locality, it may confer another portion upon another body in another locality, and the penalties for the violations of the same statute might become as numerous as the incorporated towns of the State. In one town murder might be made a misdemeanor, while in another larceny might be made a capital felony. The measure of punishment would be determined not by the character of the offense but by the place in which it was committed.

Looking to these acts of incorporation and the amendment thereof, it is apparent that the fundamental idea of the legislature was the exclusion of the jurisdiction of the circuit courts over the offenses named. It cannot fairly be said the intention was to commit to the local authorities a concurrent jurisdiction with the circuit court, for the whole tenor of the legislation is to the end of withdrawing, not of conferring, power. We are therefore constrained to declare the scheme to be violative of the constitution and void. From these views it follows that the Mayor's Court of the Town of Biloxi was without jurisdiction of the offense, and its judgment was a nullity. The defendant was therefore never in jeopardy nor legally convicted, and the demurrer to his plea was properly sustained.

We find no error in the proceedings in the circuit court, and the
*Judgment is affirmed.*