EDWARD D. MAY, COUNTY ATTORNEY, v. R. W. FINLEY, COMPTROLLER.

No. 595.—Decided December 23, 1897.

1. **Mandamus—General Denial—Effect.**
A general denial of the allegations in a petition for mandamus goes for naught; so that the facts stated in the petition are to be taken as true. (P. 354.)

2. **Mayors Court—Jurisdiction—Constitutional Law.**
The statutes investing mayors or recorders of incorporated cities in this State with the authority of justices of the peace within the city are not unconstitutional. Harris County v. Stewart, ante p. 133, approved, and decisions of Court of Criminal Appeals holding the contrary,—Leach v. State, 36 S. W. Rep., 471, and Ex parte Knox, 39 S. W. Rep., 670,—disapproved. (P. 354.)

3. **Conflicting Decisions—Supreme Court—Court of Criminal Appeals.**
The Constitution has provided no means by which a conflict in the rulings of the Supreme Court and the Court of Criminal Appeals can be determined or reconciled, each having final jurisdiction of cases coming before it. (P. 355.)

4. **County Attorney—Fees in Mayors Court.**
Having held the laws conferring on mayors or recorders courts the criminal

jurisdiction of justices of the peace to be valid, the Supreme Court will award mandamus in favor of a county attorney, requiring the Comptroller to issue warrants for his fees earned in prosecuting such cases, though the Court of Criminal Appeals holds such city courts without jurisdiction and their judgments in such cases void (P. 355.)

PETITION for writ of mandamus to R. W. Finley, Comptroller.

*Spencer & Kincaid,* for petitioner.

*M. M. Crane,* Attorney-General, and *T. A. Fuller,* Assistant, for respondent.—The Court of Criminal Appeals being the court of last resort in this State in criminal matters, having decided that the recorder of the City of Galveston could not lawfully exercise the jurisdiction of a Justice of the Peace, the Comptroller is bound by such decision, and must treat the examining trials as nullities, for performing service in which pay is sought from the State in this case.

If said trials were in fact nullities and without authority of law, as construed by the court having final jurisdiction to pass upon their validity in a direct proceeding, the Comptroller should not pay said accounts. Const., art. 5, secs. 3 and 4; Code Crim. Proc., art. 1091; Leach v. State, 36 S. W. Rep., 471; Ex parte Lizzie Knox, 39 S. W. Rep., 670; State of Texas v. Austin Club, 89 Texas, 20; Attorney-General v. Lum, 2 Wis., 371; Romaine v. Kinshimer, 2 Hilt., 521; Bates v. Relyea, 23 Wend., 340; Wells, Stare Decisis, sec. 594; 23 Am. & Eng. Encycl. Law, 21.

GAINES, CHIEF JUSTICE.—This is a petition for a writ of mandamus to compel the Comptroller of the State to issue his warrant upon the State Treasurer, in favor of the petitioner, for the sum of fifty dollars.

After alleging that the petitioner is the County Attorney of Galveston County and that the respondent is the Comptroller of the State, and some other formal matters, the petition proceeds as follows:

"Your petitioner further represents, that on the following dates, the following named defendants were charged by complaint in the Recorder's Court of the City of Galveston, sitting as an examining court in and for said county, with the respective offenses specified after the name of each defendant, and were, on said dates, each severally tried for the respective offenses with which they were charged, and that in each of said trials the State of Texas was represented by your petitioner as County Attorney of Galveston County, viz: [Here follow the names of the defendants and of the offenses with which they were respectively charged.]   And that thereafter at the March term of the Criminal District Court of Galveston County, the Grand Jury of said County returned indictments against each of said defendants for the respective offenses charged against them, and for which they were tried and examined in the Recorder's Court, and that thereafter, on the 23rd day of March, 1897, your petitioner made out, under oath, an itemized

account, wherein is shown and set forth, the number of each case in the Recorder's Court, and the number of each case in the Criminal District Court of Galveston County, the name of each defendant, the date of the examining trial of each defendant, and the fees due your petitioner, being the sum of five ($5) dollars in each case, and amounting in the aggregate to the sum of fifty ($50) dollars, which account was, on the 27th day of March, 1897, presented to and approved by the Honorable E. D. Cavin, Judge of the Criminal District Court of Galveston County, for the sum of fifty ($50) dollars. Said account, together with the approval of the Judge of the Criminal District Court endorsed thereon is hereunto annexed, marked Exhibit 'A' and made a part hereof."

The account, duly verified by the oath of the petitioner and approved by the Judge of the Criminal District Court of Galveston County, is attached to the petition as an exhibit. It was also alleged that the respondent, upon demand being made upon him, had refused to draw his warrant for the sum claimed by the petition.

The Comptroller has answered by a general demurrer and a general denial. In a mandamus proceeding a general denial goes for naught; so that the facts stated in the petition are to be taken as true. Sansom v. Mercer, 68 Texas, 494.

We understand that if there were no question as to the validity of that provision of the charter of the City of Galveston, which attempts to confer power upon the recorder of the city to exercise within the city limits the authority of a justice of the peace or of the provisions of the Code of Criminal Procedure, which purport to confer the same jurisdiction (Code Crim. Proc., art. 98), the Comptroller would not have hesitated to issue his warrant for the account in controversy.

There is a regretable conflict between the decisions of the Court of Criminal Appeals and those of this court upon the question of the validity of the legislation which undertakes to invest the mayors or recorders of incorporated cities in this State with the authority of justices of the peace within the city. The Court of Criminal Appeals in cases properly arising before them have held such legislation in conflict with the Constitution. Leach v. State, 36 S. W. Rep., 471; Ex parte Knox, 39 S. W. Rep., 670. The same question came before us in a civil proceeding; and while we felt the importance of maintaining uniformity of decision between our two courts of last resort, and recognized as well the learning and ability of that court as the force of the argument by which they supported their conclusion, we were constrained to differ from them and to hold the legislation constitutional. Harris County v. Stewart, ante p. 133. We patiently investigated and carefully considered the question before announcing our conclusions in the case cited and now see no good reason for changing our opinion.

But the main contention on behalf of the State seems to be, that, since the Court of Criminal Appeals have held that the mayors or recorders

of cities have no jurisdiction to try offenses against the State, and since, upon a proper proceeding, that court will hold that any judgment or order rendered by such officers in State cases is void, prosecutions for infractions of the penal laws of the State before such tribunals are practical nullities, and that services rendered by the officers of the State in such case should not be compensated. If amended article V of the Constitution had provided, as probably should have been done, that the decision of the Court of Criminal Appeals upon the construction of all statutes relating to criminal offenses and upon all questions relating to the jurisdiction of the courts over such offenses should be final and controlling, there would be force in this contention. But such is not the case. That court and this have each final jurisdiction over all cases and questions which come before them. The Constitution provides no means by which a conflict can be determined or reconciled. Each court in deciding a question which has been determined by the other will doubtless give great weight to the opinion of the other, but is not bound by it. Upon a pure question of criminal law, we should be strongly inclined to follow the decision of the Court of Criminal Appeals, and should hesitate long before holding differently from them. But many of the city charters purport to confer upon the mayor or recorder the jurisdiction of a justice of the peace, not only in criminal, but also in civil cases. The result is, that it is a question which affects not only the administration of the criminal, but also of the civil laws. If we should yield to the decision of the Court of Criminal Appeals upon the question of the criminal jurisdiction of the mayor or recorder, by the same rule they should yield to the decision of this court upon the question of civil jurisdiction; and yet if the law be in conflict with the Constitution as to the one jurisdiction it is necessarily so as to the other. If the Legislature could not confer the criminal jurisdiction it could not confer the civil; and neither court could upon any just grounds hold that the statute was good in part and void in part. It is valid or invalid as a whole.

It results that there is no way out of the difficulty; there is no middle ground. We therefore have a case in which the petitioner, the County Attorney of Galveston County, has, under the law, prosecuted upon examining trials certain felony cases before a court, which, in our opinion, is a court of competent jurisdiction, and in which the defendants have been held to answer the offenses with which they were respectively charged, and have been indicted. For such services the county attorney is allowed a fee of $5 in each case, to be paid by the State. Code Crim. Proc., art. 1092. Such being the case, can we refuse to recognize and enforce the right, because another court of equal authority has held that the tribunal in which the services were rendered was without jurisdiction? We think not. The opinion of this court upon questions coming before it in cases of which it has jurisdiction is the law of the case, and every party to the suit has the right to demand that we give it effect.

It follows, that in our opinion the peremptory writ of mandamus should issue as prayed for; and it is so ordered.

*Writ of mandamus awarded.*