THE STATE OF TEXAS, EX REL CARL RECTOR ET AL
v. CLEM MCCLELLAND.

No. A-2410. Decided November 30, 1949.
(224 S. W., 2d Series, 706.)

*A. C. Winborn,* Criminal District Attorney of Harris County,
*Bell, Dyche & Bell* and *Spurgeon E. Bell,* all of Houston, for
appellants.

*Pat Fahey, Byron G. McCullough, W. J. Knight* and *Virgil Childress,* all of Houston, for appellee.

MR. JUSTICE SHARP delivered the opinion of the Court.

This case is before this Court on certified question from the Court of Civil Appeals at Galveston. The facts certified are substantially as follows:

This is an appeal from the judgment of the District Court of Harris County, Texas, for the 133rd Judicial District of Texas, in a quo warrant proceeding instituted by the State of Texas, on relation of Carl Rector et al., against Clem McClelland, the duly appointed and qualified judge of the Probate Court of Harris County, a court created by House Bill No. 677 of the Regular Session of the 51st Legislature of Texas. The proceeding was tried in the District Court as an agreed case. The sole question raised by the quo warranto proceeding and by this appeal is a question of law, viz., whether or not the provisions of Article V of the Constitution of Texas, as amended, authorized the Legislature to create the Probate Court of Harris County as provided by House Bill No. 677.

The District Court held that the Probate Court of Harris County was validly created, and that court denied the State of Texas and the relators the relief sought by them. The State has perfected an appeal to the Court of Civil Appeals.

Section 17 of House Bill No. 677 provides:

"The fact that the business of the County Court of Harris County is so large as to render it impossible for said County Court to dispose thereof with due dispatch, and that the congestion of business in said Court seriously obstructs the administration of the laws in said County, create an emergency and an imperative public necessity that the Constitutional Rule requiring bills to be read on three several days in each House be suspended, and it is so suspended, and this Act shall take effect and be in force from and after its passage, and it is also enacted."

Section 7 provides that the initial term of the Probate Court of Harris County shall begin on the first Monday in January, 1950. Section 3 provides that on the first day of the initial term there shall be transferred to that Court such number of the total proceedings and matters in probate then pending in the County Court of Harris County as shall be, as near as may be, one-half in number of all such probate matters and proceedings then pending in the County Court of Harris County,

and that all probate matters and proceedings thereafter filed shall be filed alternately in the County Court of Harris County and the Probate Court of Harris County. It is imperative, therefore, that this appeal shall be fully and finally determined as expeditiously as possible and in any event not later than December 31, 1949.

If this cause should be advanced and set down for hearing in the Court of Civil Appeals at the earliest practicable date and decided by that court in the shortest possible time, and if the motion for rehearing of the losing party should be filed at once and promptly determined and a writ of error sued out without delay, it would be highly improbable, if not impossible, for the parties to obtain a final and conclusive judgment in the case on or before December 31, 1949. If final determination of the case should extend beyond January 2, 1950, all acts of the probate Court of Harris County will be clouded with uncertainty, by reason of the pendency of said suit.

On and after January 2, 1950, it will be mandatory for the County Judge and the County Clerk to proceed to comply with Section 3 of said House Bill No. 677 and transfer pending probate matters and proceedings to the newly-created court and file new probate matters and proceedings therein; and appellee will be obliged to perform the duties of his office and dispose of large numbers of matters and proceedings involving the personal rights and property rights of parties thereto. If thereafter the validity of the court be sustained, nevertheless the functioning of the court in the interim would be delayed by the doubt and uncertainty of its lawful creation resulting from the pendency of said suit. And if the validity of the court should be denied, intolerable confusion would result from the action of the court in the matters and proceedings heard and determined by him.

Furthermore, there are now pending on the docket of the County Court of Harris County approximately 15,000 matters and proceedings of the kind and character over which the Probate Court of Harris County is given jurisdiction by Section 2 of said Act, one-half of which are required to be transferred to said Probate Court on January 2, 1950, and the Judge of said Probate Court, the County Judge, the County Clerk, the Commissioners' Court, and the County Auditor, of Harris County, in order to provide for the transfer of such matters and proceedings and the due and proper administration of the business of said court will be required of necessity, well in advance of said date, to make a survey and determination of the

matters and proceedings to be transferred to said Probate Court from the docket of the County Court of Harris County; to select and list said cases and prepare orders and docket entries with respect thereto; to set up and prepare the docket of said Probate Court and perform the other clerical work and details involved in effecting the transfer of said matters and proceedings to said court; and to make division of assignments in the office of the County Clerk necessary to perform such services; and to procure additional clerical assistance in connection therewith; to submit and obtain approval of a budget and to make provision for meeting the additional expenses incident to the establishment of said court; and to select, arrange for and prepare suitable quarters and the obtaining of necessary equipment for the accommodation of the court, in which matters said officers are presently engaged; and the efficient, economical and orderly dispatch of the affairs of said court require that said officers of said county be advised as promptly as may be as to whether or not the Act creating said court is constitutional.

Consequently, the Court of Civil Appeals deems it advisable to present directly to the Supreme Court the question of law presented by this appeal (which is the only question in the case), and in connection therewith that court finds that a grave emergency exists, requiring that said question of law be certified to this Court without a proposed or tentative opinion of the Court of Civil Appeals, and for this reason no such opinion accompanies the certificate of the Court of Civil Appeals.

The following question is certified:

"Does Article V of the Constitution of Texas, as amended, authorize the Legislature of Texas to create the Probate Court of Harris County, as provided by House Bill No. 677 of the Regular Session of the 51st Legislature?"

By the enactment of H. B. No. 677, Chap. 520, Vernon's Annotated Civil Statutes, Art. 1970-110a, there was created a Probate Court of Harris County, to have concurrent jurisdiction with the county court of that county over certain matters coming within the jurisdiction of the county court. Section 2 of the Acts reads:

"The Probate Court of Harris County shall have the general jurisdiction of a Probate Court within the limits of Harris County, concurrent with the jurisdiction of the County Court of Harris County in such matters and proceedings. It shall probate wills, appoint guardians of minors, idiots, lunatics, per-

sons non compos mentis and common drunkards, grant letters testamentary and of administration, settle accounts of executors, transact all business appertaining to deceased persons, minors, idiots, lunactics, persons non compos mentis and common drunkards, including the settlement, partition and distribution of estates of deceased persons, lunacy proceedings and the apprenticing of minors as provided by law."

Section 3 provides how the matters then pending in the county court shall be transferred to the probate court, and how all new matters thereafter filed with the county clerk shall be filed alternately in the county court and the probate court.

Section 4 reads:

"The County Court of Harris County shall retain, as heretofore, the powers and jurisdiction of said Court existing at the time of the passage of this Act, and shall exercise its powers and jurisdiction as a Probate Court with respect to all matters and proceedings of such nature other than those provided in Section 3 of this Act to be transferred to and filed in the Probate Court of Harris County. The County Judge of Harris County shall be the Judge of the County Court of Harris County, and all ex-officio duties of the County Judge of Harris County, as they now-exist, shall be exercised by the County Judge of Harris County, except in so far as the same shall by this Act expressly be committed to the Judge of the Probate Court of Harris County. Nothing in this Act contained shall be construed as in anywise impairing or affecting the jurisdiction of the County Court at Law of Harris County, or of the County Court at Law No. 2 of Harris County."

The Act prescribes the power of the Probate Court and the procedure to be followed. It also provides for the election of a judge of the Probate Court. The Act contains other sections not necessary to be considered here.

Appellee was appointed judge of the Probate Court, and has filed his bond and taken the oath of office as required by law. Appellants attack the validity of this Act because it violates Sections 15, 16, and 22 of Article V of the Constitution of this State. The basis of such attack is that Section 2 of this Act gave the court created therein the general jurisdiction of a probate court concurrent with the county court, and specifically provided that, "It shall probate wills, appoint guardians of minors, idiots, lunatics, persons non compos mentis and common drunkards, grant letters testamentary and of administra-

tion, settle accounts of executors, transact all business appertaining to deceased persons, minors, idiots, lunatics, persons non compos mentis and common drunkards, including the settlement, partition and distribution of estates of deceased persons, lunacy proceedings and the apprenticing of minors as provided by law." Appellants take the position that Sections 15 and 16 of Article V of the Constitution vest exclusive jurisdiction in probate matters in the County Court of Harris County, and that Section 22 of Article V of the Constitution prohibits the Legislature from changing the probate jurisdiction of the county court; that Section 1 of Article V of the Constitution does not apply to the probate jurisdition of such court; and that since the Act vests probate jurisdiction in the Probate Court of Harris County it is unconstitutional.

Section 1 of Article V of the Constitution reads:

"The judicial power of this State shall be vested in one Supreme Court, in Courts of Civil Appeals, in a Court of Criminal Appeals, in District Courts, in County Courts, in Commissioners Courts, in Courts of Justices of the Peace, and in such other courts as may be provided by law.

"The Criminal District Court of Galveston and Harris Counties shall continue with the district jurisdiction and organization now existing by law until otherwise provided by law.

*"The Legislature may establish such other courts as it may deem necessary and prescribe the jurisdiction and organization thereof, and may conform the jurisdiction of the district and other inferior courts thereto."* (Italics ours.)

Section 15 of Article V of the Constitution provides that there shall be established in each county in this State a county court, which shall be a court of record; and Section 16 prescribes the jurisdiction of the county court.

Section 22 of Article V of the Constitution reads as follows:

"The Legislature shall have power, by local and general law, to increase, diminish or change the civil and criminal jurisdiction of County Court; and in cases of any such change of jurisdiction, the Legislature shall also conform the jurisdiction of the other courts to such change."

Construing Article V of the Constitution prior to the amendment of Section 1 of that Article in 1891, this Court in several decisions held that the Constitution conferred upon each court

created by it all the jurisdiction which it intended it should exercise and that the Legislature had no power to add to, or withdraw therefrom, unless the power to make the change was given to the Legislature by the Constitution itself. Ex parte Towles, 48 Texas 413; Williamson v. Lane, 52 Texas 335; Ex parte Whitlow, 59 Texas 273; Gibson v. Templeton, 62 Texas 555; Ex parte Ginnochio, 30 Tex. App. 584, 18 S. W. 82. To meet those decisions Section 1 of Article V was amended in 1891 by adding the last paragraph of that section, which is set out above and italicized.

The Court of Criminal Appeals in Leach v. State, 36 Texas Crim. App. 248, 36 S. W. 471, held that the rule in Ex parte Towles, supra, still applied. In 1897, when the question was presented to this Court in Harris County v. Stewart, 91 Texas 133, 41 S. W. 650, it was held that the amendment to Section 1 of Article V of the Constitution authorized the creation of other courts, and this Court refused to follow Leach v. State, supra. Mr. Justice Brown, speaking for this Court in that case, said:

"When the Legislature of the State came to formulate the amendment to be submitted to the people, one of the principal objects was to avoid the force of that class of decisions and to render elastic the judicial system provided for in the Constitution, so that the needs of the State, which might develop in its future growth, could be provided for by the Legislature from time to time. That there might be no question of the proper construction of the limitations placed by the Constitution upon the power of the Legislature to create courts, the last clause of the section copied above was introduced, and the people of the State adopted the amendment for the purpose of ridding the State of the incubus which the construction contended for had saddled upon it." See also May v. Finley, 91 Texas 352, 43 S. W. 257; Carter v. Missouri, K. & T. Ry. Co., 106 Texas 137, 157 S. W. 1169; Ex parte Wilbarger, 41 Texas Crim. Rep. 514, 55 S. W. 968; Ex parte Abrams, 56 Texas Crim. Rep. 465, 120 S. W. 883; Ex parte Bennett, 85 Texas Crim. Rep. 315, 211 S. W. 934.

The Act does not undertake to limit or take away the jurisdiction of the County Court of Harris County. It provides for another court to share the burdens and jurisdiction of the County Court, in order to dispose of cases that have already crowded the docket of that court. The Act also provides how the cases now pending shall be divided, and how the future cases filed with the county clerk shall be divided between the two courts,

so that the matters coming before the two courts may be promptly and efficiently disposed of.

The case of Reasonover v. Reasonover, 122 Texas 512, 58 S. W. 817, did not hold that the Legislature was not authorized to establish an additional court. It was held that the Legislature was not authorized to take from the jurisdiction of a district court any of the powers conferred by the Constitution. In the case of Ex parte W. E. Richards, Albert Hughes and M. A. Hickey, 137 Texas 520, 155 S. W. (2d) 597, the certified question involved in the Reasonover case was discussed, and the following is quoted from that opinion:

"This Court held in that case (the Reasonover case) that the Legislature could not deprive the District Court of the One Hundred and Third Judicial District of the jurisdiction given it by the Constitution. It did not hold that the Legislature could not, by virtue of the provision of the Constitution above quoted, create courts of limited jurisdiction,—as was done in this instance."

■ This Court has repeatedly held that no Act of the Legislature will be declared unconstitutional unless some provision of the Constitution can be cited which clearly shows that the Act is invalid. Texas National Guard Armory Board v. McCraw, 132 Texas 613, 126 S. W. (2d) 627; Harris County v. Stewart, 91 Texas 133, 41 S. W. 650; Brown v. City of Galveston, 97 Texas 1, 75 S. W. 488; 9 Tex. Jur., pp. 477, 478, sec. 59.

■ No provision of the Constitution has been pointed out which prohibits the enactment of the Act under consideration, and the certified question is answered, "Yes."

■ The facts certified clearly show that this is a case of emergency, where the ends of justice require that it be disposed of promptly, and by virtue of Rule 515 of the Texas Rules of Civil Procedure the right to file a motion for rehearing is denied. Wright v. Broeter, 145 Texas 142, 196 S. W. (2d) 82.

Opinion delivered November 30, 1949.

No motion for rehearing filed.