

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

April 27, 1965

Hon. Walter L. Knapp, Chairman
Judicial Districts Committee
House of Representatives
Austin, Texas

Opinion No. C-425

Re: Constitutionality of proposed
committee substitute to Senate
Bill 278.

Dear Representative Knapp:

You have requested our opinion on the constitutionality of the proposed committee substitute to Senate Bill 278 of the 59th Legislature, which amends House Bill 262, Acts of the 58th Legislature, Regular Session, 1963.

The committee substitute for Senate Bill 278, enclosed with your request, designates a court to be known as Bexar County Court at Law No. 4, prescribes its organization and jurisdiction, conforms the jurisdiction of other county courts at law as well as the county court, and makes other provisions relating to the organization of the various county courts at law provided for in the Act. Thus, this Bill constitutes an exercise of power granted to the Legislature by the provisions of Sections 1 and 22 of Article V of the Constitution of Texas. Rector v. McClelland, 148 Tex. 372, 224 S.W.2d 706 (1949).

Section 8, as amended, reads as follows:

"As this Act does not create a new court, but merely changes the name of the 'County Civil Court at Law of Bexar County, Texas,' to the 'Bexar County Court at Law No. 4, of Bexar County, Texas,' that from and after the effective date of this Act, the Judge elected at the General Election in November of 1964, as the Judge of the County Civil Court at Law of Bexar County, Texas, will be the Judge of the Bexar County Court at Law No. 4, of Bexar County, Texas, for the term for which so elected in said General Election of 1964; and at the General Election to be held in November of 1968, a Judge shall be elected as provided in Section 7 hereof."

-2000-

House Bill 262 of the 58th Legislature, codified in Vernon's as Article 1970-301f, Vernon's Civil Statutes, which Senate Bill 278 amends, is an Act which created the County Civil Court at Law of Bexar County. The committee substitute merely reorganizes and changes the name of the County Civil Court at Law of Bexar County and prescribes its jurisdiction and conforms the jurisdiction of the County Court of Bexar County, as well as other County Courts at Law of Bexar County. Thus, Section 8 is merely a part of this reorganization and a lawful exercise of legislative power conferred by the provisions of Sections 1 and 22 of Article V of the Constitution of Texas. You are therefore advised that committee substitute to Senate Bill 278 is constitutional.

## SUMMARY

Committee substitute to Senate Bill 278 of the 59th Legislature, amending House Bill 262, Acts of the 58th Legislature, Regular Session, 1963, Chapter 114 (compiled in Vernon's as Article 1970-301f, Vernon's Civil Statutes), providing for the organization of the County Court of Bexar County as well as County Courts at Law of Bexar County, is constitutional, since such power is conferred on the Legislature by the provisions of Sections 1 and 22 of Article V of the Constitution of Texas.

Yours very truly,

WAGGONER CARR
Attorney General

By John Reeves

John Reeves
Assistant

JR:ms

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman
J. C. Davis
Pat Bailey
Paul Phy
H. Grady Chandler

APPROVED FOR THE ATTORNEY GENERAL
By: Stanton Stone