

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

August 6, 1971

Honorable Joe Carroll, Jr.
County Attorney of Bell County
Bell County Courthouse
Belton, Texas 76513

Dear Mr. Carroll:

Opinion No. M-922

Re: Court having jurisdiction of
Eminent Domain Proceedings
under Senate Bill 240, 62nd
Legislature, Regular Session,
1971 -- Bell County.

In response to your opinion request of June 22, 1971, we shall first direct attention to your question concerning eminent domain jurisdiction in Bell County, Texas.

Article 1970-350*, created the County Court of Law of Bell County; it provides, in part:

> "Section 1(a). On the effective date of this Act (as provided in Section 6), the County Court at Law of Bell County is created.
>
> "(b) The County Court at Law has <u>the same jurisdiction over all causes and proceedings</u>, civil, criminal, and probate, original and appellate, prescribed by law for county courts, <u>and its jurisdiction is concurrent with that</u> of the County Court of Bell County. (Emphasis added.)
>
> ". . . ."

Clearly, prior to Senate Bill 240, the County Court at Law of Bell County had the same jurisdiction as prescribed by law for County Courts generally, and its jurisdiction was concurrent with the County Court of Bell

---

\* All references to Articles are to Vernon's Civil Statutes unless otherwise stated.

County.   This included jurisdiction in eminent domain cases.  Shannon v. Tarrant County, 99 S. W. 2d 964 (Tex. Civ. App.  1937) reversed on other grounds, 129 Tex.  264,  104 S. W. 2d 4; City of Dallas v.  Johnson, 54 S. W. 2d 1024 (Tex. Civ. App.  1932, no writ); Miers v.  Housing Authority of City of Dallas, 266 S. W. 2d 487 (Tex. Civ. App.  1954), certified question on other matters answered 153 Tex.  236, 266 S. W. 2d 842, answer to certified question conformed to 268 S. W. 2d 325 (Tex. Civ. App.  1954,  error ref. n. r. e. )

Therefore, on June 9, 1971, when Governor Smith signed Senate Bill 240, and it became law, the County Court at Law of Bell County already had jurisdiction of eminent domain proceedings.

Senate Bill 240, Section 3, reads:

"In all counties in which there is one or more county courts at law with jurisdiction in eminent domain cases, the party desiring to initiate condemnation proceedings shall, except where otherwise specifically provided by law, file its petition with the judge of the county court at law; and objections to the award of the special commissioners shall be filed in that county court at law. "(Emphasis added. )

It is our opinion that petitions in eminent domain matters in Bell County should be filed with the Judge of the County Court at Law.

In a supplementary letter dated July 14, 1971, you pose the following question:

"Where does jurisdiction lay with regard to condemnation proceedings when there is a vacancy in the County Court at Law judgeship? "

This question can be answered by referring to the statute that creates the County Court at Law of Bell County, Article 1970-350, and Senate Bill 240. When read together, these statutes establish jurisdiction in the County Court at Law of Bell County.  We note that Section 1 of Senate Bill 240 deprives the County Courts of all jurisdiction in eminent domain cases except those proceedings pending on the effective date of the Act.  (Section 6, Senate Bill 240. )

It is our opinion that since jurisdiction is vested in the County Court at Law of Bell County that all petitions in eminent domain shall be filed with the

Judge of the County Court at Law of Bell County, and that objections, if any, to the award, shall be filed in that Court.

Articles 3264 and 3266 prescribe the method of filing a condemnation proceeding. They provide, in part, that the petition in condemnation shall be filed with the judge of the county court, (now the judge of the county court at law by virtue of Senate Bill 240, quoted above.) It is our opinion that if there is a vacancy in the judgeship of the county court at law, then there is no judge with whom a condemnation proceeding can be initiated and with whom a condemnation petition can be filed. Section 3 of Senate Bill 240 requires condemnation proceedings to be filed with the Judge of the County Court at Law.

The second question posed by your request is,

"Would the County Court at Law Judge of Bell County, Texas, be allowed by Article 1970-350, V.A.T.S., to sit as a Probate Judge of Bell County, Texas, with full powers as vested to the County Judge by the Constitution of Texas and Section 4 of the Probate Code?"

Article V, Section 29, Texas Constitution, makes certain provisions relative to the jurisdiction of the County Court in probate matters; it reads as follows:

"The County Court shall hold at least four terms for both civil and criminal business annually, as may be provided by the Legislature, or by the Commissioners' Court of the county under authority of law, and such other terms each year as may be fixed by the Commissioners' Court; provided, the Commissioners' Court of any county having fixed the times and number of terms of the County Court, shall not change the same again until the expiration of one year. Said Court shall dispose of probate business either in term time or vacation, under such regulation as may be prescribed by law. Prosecutions may be commenced in said courts in such manner as is or may be provided by law, and a jury therein shall consist of six men. Until otherwise provided, the terms of the County Court shall be held on the first Mondays in February, May,

August and November, and may remain in session three
weeks." (Emphasis added.)

The general statute relating to jurisdiction of the County Court in
probate matters is Section 4, Vernon's Texas Probate Code, which reads
as follows:

"The county court shall have the general juris-
diction of a probate court. It shall probate wills, ap-
point guardians of minors and incompetents, grant letters
testamentary and of administration and guardianship,
settle accounts of personal representatives, and transact
all business appertaining to estates subject to administra-
tion or guardianship, including the settlement, partition,
and distribution of such estates. It may also appoint
guardians for other persons where it is necessary that a
guardian be appointed to receive funds from any govern-
mental source or agency." (Emphasis added.)

The creation of probate courts and their constitutionality was dealt
with in State ex rel. Rector, et al v. McClelland, 148 Tex. 372, 224 S. W. 2d
706 (1949). This case specifically dealt with the Probate Court of Harris
County as created by Article 1970-110a. The Court held, in part:

"The Act does not undertake to limit or take away
the jurisdiction of the County Court of Harris County. It
provides for another court to share the burdens and juris-
diction of the County Court, in order to dispose of cases
that have already crowded the docket of that court . . ."
(at page 710.)

It is our opinion that Section 4, Vernon's Texas Probate Code, and
Article 1970-350, Section 1(b), when considered together, and in the light
of the McClelland case, give the County Court at Law of Bell County the
same jurisdiction as the County Court of that county in probate matters, and
that the County Court and the County Court at Law have concurrent jurisdiction
in probate matters. Either the Judge of the County Court or the Judge of the
County Court at Law could sit as Probate Judge.

## SUMMARY

The County Court at Law of Bell County has jurisdiction in eminent domain cases and probate matters. Senate Bill 240, Acts 62nd Legislature, Regular Session, 1971.

The mere fact of a vacancy in the judgeship of the Bell County Court at Law would not change the jurisdiction in condemnation cases. Under Senate Bill 240, eminent domain cases should be filed with the Judge of the County Court at Law.

The County Court at Law of Bell County has concurrent jurisdiction with the County Court of that county in probate matters. Article 1970-350, Section 1(b), Vernon's Civil Statutes.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Edward B. Rather
and Robert L. Towery,
Assistant Attorneys General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Ron Tigner
Arthur Sandlin
Ben Harrison
Sam Jones

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant