

# The Attorney General of Texas

March 13, 1978

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity
Affirmative Action Employer

Honorable James F. Hury, Jr.
Criminal District Attorney
Galveston County
405 Galveston County Courthouse
Galveston, Texas 77550

Opinion No. H-1134

Re: Jurisdiction of county courts at law in Galveston County.

Dear Mr. Hury:

You ask whether the County Court No. 1, County Court No. 2, and Probate and County Court of Galveston County have jurisdiction to hear cases involving juvenile offenders and dependency and neglect petitions filed by the State Child Protective Services.

Your question arises because of the Family District Court Act which replaced Courts of Domestic Relations with Family District Courts. V.T.C.S. art. 1926a. This act repealed article 2338-16, V.T.C.S., which had established the Galveston County Court of Domestic Relations and provided it with its juvenile jurisdiction. V.T.C.S. art. 1926a, § 3.04(b)(17). Both the Galveston County Court No. 1 and the Probate and County Court had been basing their juvenile jurisdiction on section 8(a) of article 2338-16, which gave the County Court No. 1 and the County Court No. 2 (now renamed the Probate and County Court) concurrent jurisdiction over matters affecting juveniles with the Court of Domestic Relations. The newly-created County Court No. 2 was given the same jurisdiction over juvenile matters as the County Court No. 1, the Probate and County Court, and the Court of Domestic Relations. V.T.C.S. art. 1970-342b, § 15.

The specific question we must consider, then, is whether the repeal of article 2338-16, V.T.C.S., removes the jurisdiction affecting juveniles from the County Court No. 1, County Court No. 2, and the Probate and County Court of Galveston County.

The jurisdiction of the Probate and County Court is set forth in article 1970-342, section 1, V.T.C.S., which states, in pertinent part:

> The court shall have . . . civil and criminal jurisdiction as provided by the Constitution and General Laws for county courts and as provided herein.

The jurisdiction of County Courts is set forth in article 5, sections 8 and 16 of the Texas Constitution. The authority to decide matters affecting juveniles is given under these provisions. See In re Cockrell, 493 S.W.2d 620 (Tex. Civ. App. — Amarillo 1973, writ ref'd n.r.e.); Attorney General Opinions H-1082 (1977), H-325 (1974). Since the Probate and County Court of Galveston County has been conferred all the jurisdiction, including juvenile, of the constitutional county courts, we conclude that it has authority to decide matters affecting juveniles irrespective of the repeal of article 2338-16, V.T.C.S.

The jurisdiction of County Court No. 1 is set forth in article 1970-342a, section 2(b), V.T.C.S., which grants it the same jurisdiction as the County Court and County Court No. 2 (now called the Probate and County Court). Since we have already concluded that these latter two courts have juvenile jurisdiction, County Court No. 1 must have that authority also.

The jurisdiction for the recently created County Court No. 2 is set forth in V.T.C.S. art. 1970-342b, § 2b, which states:

> The County Court No. 2 of Galveston County shall have the same jurisdiction and powers in civil actions, matters, and proceedings that are now or may be conferred by law upon and vested in the County Court of Galveston County, the County Court No. 1, the Probate and County Court, and the judges thereof. The jurisdiction of the County Court of Galveston County, the Probate and County Court, and the County Courts Nos. 1 and 2 of Galveston County over all such actions, matters, and proceedings, civil and criminal, within Galveston County shall be concurrent.

The statutory language is clear that the jurisdiction of all four courts is concurrent. County Court No. 2, therefore, possesses the same juvenile jurisdiction that we have concluded is vested in the other three courts.

There is ample support that it is the intent of the Legislature that these courts exercise juvenile jurisdiction. In part of the same statute creating the County Court No. 2, it states:

> The judge of the County Court No. 2 shall be a member of the Juvenile Board of Galveston County and shall have the same jurisdiction over juvenile proceedings as the judges of the County Court No. 1, the Probate and County Court, and the Court of Domestic Relations for Galveston County, with juvenile proceedings filed sequentially in the County Court No. 1, the Probate and County Court, the County Court No. 2, and the Court of Domestic Relations.

V.T.C.S. art. 1970-342b, § 15. Here is a clear indication that the Legislature intended that the new County Court No. 2, the County Court No. 1, and the Probate and County Court have jurisdiction over matters affecting juveniles. This statute was passed during the same legislative session as the Family District Court Act and, therefore, the two acts should be construed in harmony if at all possible. See Attorney General Opinion M-951 (1971).

Nor does anything in the Family District Court Act reveal a different intention. This Act substitutes district courts of general jurisdiction, to be called family district courts, for the existing domestic relations courts. V.T.C.S. art. 1926a, § 1.02(a). The Act gives the court primary responsibility, but not exclusive jurisdiction, over family law matters. V.T.C.S. art. 1926a, § 1.03(b). A Family District Court for Galveston County is created to replace the Court of Domestic Relations. V.T.C.S. art. 1926a, § 2.07.

The statute does not grant exclusive jurisdiction over juvenile matters to the Family District Courts. Nothing in the statute, absent the repealer, would indicate that the Legislature intended to curtail the jurisdiction of any court. There is nothing unusual about the Legislature creating specialized courts to share the caseload of courts of more general jurisdiction, see State ex rel Rector v. McClelland, 224 S.W.2d 706 (Tex. 1949), and this appears to be what the Legislature intended here.

## SUMMARY

The County Courts Nos. 1 and 2 and the Probate and County Court of Galveston County have jurisdiction over matters affecting juveniles.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jst