Wiley H. RAWLINS, Appellant,

v.

Ed DRAKE et al., Appellees.

No. 15182.

Court of Civil Appeals of Texas.

Dallas.

May 22, 1956.

Curt Stiles, Dallas, for appellant.

Biggers, Baker, Lloyd & Carver, Spencer Carver, Dallas, for appellees.

DIXON, Chief Justice.

This suit was filed by Wiley H. Rawlins, appellant, to determine whether, under art. 5, sec. 28 of the Constitution of Texas, Vernon's Ann.St., he is entitled to have his name placed on the 1956 Democratic Party Primary ballot as a candidate for the office of Justice of the Peace, Precinct 5, Dallas County, Texas.

Art. 5, sec. 28 of the Constitution is as follows:

"Vacancies in the office of Judges of the Supreme Court, the Court of Criminal Appeals, the Court of Civil Appeals and District Courts shall be filled by the Governor until the next succeeding general election; and vacancies in the office of County Judge and justices of the peace shall be filled by the Commissioners Court until the next general election for such offices. As amended Aug. 11, 1891, proclamation Sept. 22, 1891."

The material facts have been stipulated by the parties. In the general election of 1954 Ben F. Ellis was elected Justice of the Peace for Precinct 5, Dallas County, Texas. In the same general election the Constitution was amended so that by art. 5, sec. 18, a four-year term was established for the office of Justice of the Peace. Under art. 16, sec. 65 of the Constitution, this amendment was made effective as to certain officers elected in 1954, among them Justices of the Peace. Therefore Ben F. Ellis was elected Justice of the Peace for Precinct 5 for a four-year term beginning January 1, 1955.

After serving until sometime in February 1955, Ellis resigned. The Commissioners Court then appointed Will S. Hash to the

office effective February 15, 1955, the order of appointment reading: " * * * to serve out the unexpired term of Ben F. Ellis * * *."

In January 1956 Wiley H. Rawlins, appellant, and Myra Phillips made application to the Dallas County Democratic Executive Committee to have their names placed on the Party primary ballot as candidates for the office of Justice of the Peace, Precinct 5. Each of them tendered the necessary filing fee. Their applications and fees were accepted by the Committee.

Thereafter Ed Drake, Chairman of the County Executive Committee, and Manuel De Busk, the Committee Secretary, had called to their attention an opinion of the Attorney General of the State of Texas to the effect that the office of Justice of the Peace, Precinct 5, Dallas County, Texas was not an office subject to the 1956 primary or general election. The said Committee officers thereupon returned the applications of both candidates seeking nomination for said office.

Rawlins filed suit in the District Court alleging that under art. 5, sec. 28 of the Constitution, the term for which Will S. Hash was appointed will expire on or shortly after the general election of 1956, hence he, Rawlins, is entitled to a place on the ballot as a candidate for the office. The trial court rendered judgment against Rawlins, holding that there will be no vacancy in the office of Justice of the Peace, Precinct 5, Dallas County, Texas, subject to nomination in the primary election or the general election of 1956.

■ In our opinion the holding of the trial court was correct. Art. 5, sec. 28, in its present form has been a part of our Constitution since 1891. When the Constitution was amended in 1954 to provide four-year terms instead of two years for certain offices, art. 5, sec. 28, was not amended. It was left unchanged.

In studying art. 5, sec. 28, it is important to notice that the vacancy provisions applicable to other offices and the provisions applicable to the offices of County Judge and Justice of the Peace differ materially. As to other offices, when vacancies occur the offices shall be filled by appointment "until the next succeeding general election"; as to the offices of County Judge and Justice of the Peace, vacancies shall be filled by appointment by the Commissioners Court "until the next general election *for such offices*." (Emphasis ours.) It seems to us that the latter provision, including the phrase "for such offices," is plain and unambiguous.

■■ Since we consider that the provision is not ambiguous—that is, it is not open to more than one construction or interpretation—we must give it its full effect without regard to the consequences. Koy v. Schneider, 110 Tex. 369, 218 S.W. 479; Cramer v. Sheppard, 140 Tex. 271, 167 S.W.2d 147. It may be that when the Constitution was amended in 1954, changing the terms of certain offices from two years to four years, it would have been wise also to amend art. 5, sec. 28, so that all persons appointed to fill vacancies should hold office only until the next succeeding general election. But art. 5, sec. 28 of the Constitution, has not been amended; and of course it is not for the courts to undertake to amend it by judicial decision.

Applying the terms of art. 5, sec. 28 of our Constitution to the facts of this case, we hold that Will S. Hash, the incumbent appointee, is entitled to fill the office of Justice of the Peace, Precinct 5, Dallas County, Texas, until the next general election for such office, which will not take place until the year 1958. Therefore the Chairman of the County Democratic Executive Committee and the County Secretary properly declined to accept the application of appellant for a place on the Party primary ballot for the Democratic Party primary election of 1956.

The judgment of the trial court is affirmed.