**W. L. STERRETT, County Judge, Appellant,**

**v.**

**Minor MORGAN, Appellee.**

**No. 15255.**

Court of Civil Appeals of Texas.

Dallas.

Sept. 28, 1956.

Henry Wade, Dist. Atty., John J. Fagan and George P. Blackburn, Asst. Dist. Attys., Dallas, for appellant.

Wm. Andress, Jr., and Ralph W. Currie, Dallas, for appellee.

DIXON, Chief Justice.

This is an appeal from a judgment granting appellee Minor Morgan a writ of mandamus directed to Honorable W. L. Sterrett, County Judge of Dallas County. The writ commanded Judge Sterrett to include in his election notices and orders the office of Judge, County Court of Dallas County at Law No. 2, as an office to be filled at the general election to be held in Dallas County on November 6, 1956.

The facts have been stipulated. In 1954 Honorable Grover Hartt, Jr., was elected to said office for a four-year term expiring December 31, 1958. Judge Hartt resigned his position as Judge effective September 1, 1956. The Commissioners' Court of Dallas County thereupon appointed Honorable Julien C. Hyer to fill the vacancy, their order reciting that the appointment of Judge Hyer was for the full unexpired term of the office—that is, until December 31, 1958.

Thereafter appellee Minor Morgan announced as a candidate for the office at the general election to be held November 6,

1956. He so informed appellant County Judge and demanded that the County Judge list the office of Judge, County Court at Law No. 2, as an office to be filled at the election to be held November 6, 1956.

The County Judge expressed his willingness to include the office in his election notices and orders if, as a matter of law, it was his duty to do so. But after obtaining from the District Attorney of Dallas County an opinion on the legal point involved, appellant County Judge informed appellee that he would not include the office in question in his orders as an office to be filled in the election of November 6, 1956 for the reason that under the law the Commissioners' Court had the power to fill and did fill the vacancy caused by Judge Hartt's resignation, for the entire period of Judge Hartt's unexpired term, extending through December 31, 1958; and that therefore the office could not be filled by the voters at the general election in 1956.

Meantime petitions were being circulated in behalf of appellee Minor Morgan asking that his name be placed on the official ballot for the general election of November 6, 1956 as a non-partisan or independent candidate for the office of Judge, County Court of Dallas County at Law No. 2. However appellant County Judge, W. L. Sterrett, informed appellee that he would not receive or accept any such petitions until it was first determined by the courts that the subject office is one which is to be filled by the voters of Dallas County at the general election of 1956. Appellee then filed suit and obtained the judgment granting a writ of mandamus.

In five points on appeal appellant in substance contends that (1) the trial court's finding that appellee is a candidate is not supported by sufficient facts to show compliance with our election laws; (2) appellee in his individual capacity does not have a justiciable interest in the subject matter of this suit; and (3) under Section 28 of Article V of the Constitution of Texas, Vernon's Ann.St. the office in question is not an office to be filled at the general election of November 6, 1956.

■ In our opinion the trial court correctly found that appellee is a candidate within the meaning of our election laws. He has announced to a number of persons, including appellant, that he is a candidate for the subject office. If there is a vacancy to be filled, his announcement is sufficient to make him a candidate. Article 14.01, V.A.T.S., Election Code; [1] Gilmore v. Waples, 108 Tex. 167, 188 S.W. 1037. Moreover it is not necessary that his name appear on the official ballot for him to be a candidate. When the office to be filled is listed, write-in votes are valid and must be counted. Carpenter v. Longuemare, 153 Tex. 439, 270 S.W.2d 457; Dunagan v. Jones, Tex.Civ.App., 76 S.W.2d 219; Cunningham v. McDermett, Tex.Civ. App., 277 S.W. 218; Article 7.14, Section 16, V.A.T.S., Election Code. Appellant's fifth point is overruled.

■ Since appellee must be accorded the status of a candidate under our election laws, we think he has a justiciable interest in the subject matter of this suit. We agree with appellee that the right to seek to be elected to public office at an election conducted pursuant to legal authority, which office one is qualified to fill, is a legal right which the courts will protect. Gilmore v. Waples, supra. Appellant has informed appellee that appellee's petitions to have his name placed on the official ballot will not be accepted until it is judi-

---

1. The material part of Article 14.01 of the Election Code is as follows:
   "The word 'candidate' shall mean any person who has announced to any other person or to the public that he is a candidate for the nomination for or the election to any office which the laws of this State require to be determined by an election."

cially determined that the office is to be filled at the 1956 election. Under such circumstances appellee will not be required to present his petitions as a prerequisite to his maintaining this suit. The law will not require a useless thing. Appellant's first and fourth points are overruled.

■ The basis for appellant's contention that the office of Judge, County Court of Dallas County at Law No. 2, is not to be filled by the voters until the general election of 1958, is to be found in Article V, Section 28, of the Constitution of the State of Texas, which we here quote in part:

"* * * and vacancies in the office of County Judge and Justices of the peace shall be filled by the Commissioners Court until the next general election *for such offices.*" (Emphasis supplied.)

In Rawlins v. Drake, Tex.Civ.App., 291 S.W.2d 349, we held that a vacancy in the office of justice of the peace could not be filled by election until the general election of 1958. The reason for our holding was that the office had been regularly filled in the election of 1954 for a four-year term and that under the express provision of the Constitution the vacancy had been filled by appointment by the Commissioners' Court until the *next general election for such office,* which would not take place until 1958. Appellant points out that the same constitutional provision expressly includes the office of County Judge also, and argues that our holding in this case should be the same as in the Rawlins case. It is the position of appellant that the Judge of the County Court at Law No. 2 is a County Judge as contemplated in the quoted constitutional provision.

We find ourselves unable to agree with appellant. The office of County Judge, named in the Constitution, is not the same as the office of Judge, County Court at Law No. 2, created by our Legislature as

shown by Article 1970–15, Vernon's Ann. Civ.St., Acts 1917, Ch. 101, Sec. 1. The titles of the courts are not the same, nor may they be considered interchangeable in applying Article V, Section 28, of our Constitution.

That the Judge of the County Court at Law No. 2 is not a County Judge within the terms and meaning of the above Section 28, is made plain we believe when we consider certain material differences in the offices. The jurisdiction of the County Court and the functions of the County Judge are much broader than those of the County Court of Dallas County at Law No. 2. For example, the judge of the former may, but the judge of the latter may not, grant liquor licenses. State v. Bush, 151 Tex. 606, 253 S.W.2d 269. Another difference is in the qualifications of the incumbents. Article V, Section 15, of the Constitution provides that the County Judge "shall be well informed in the law of the State". Article 1970–21, V.A.C.S., referring to Judge, County Court of Dallas County at Law No. 2, says that he must be a licensed attorney who has practiced law for four years prior to his election. Moreover the salary of the judges is not the same.

■ What character of court then is the County Court of Dallas County at Law No. 2? Before answering the question we must look to Article V, Section 1, of our Constitution. The said section after providing that the judicial powers of the State shall be vested in certain named courts, including County Courts, then says, "and in such other courts as may be provided by law." The last paragraph of the section is as follows:

"The Legislature may establish such other courts as it may deem necessary and prescribe the jurisdiction and organization thereof, and may conform the jurisdiction of the district and other inferior courts thereto."

We hold that the County Court of Dallas County at Law No. 2, for present purposes is not to be confused with the County Court of Dallas County, but is to be classified as one of "such other courts as may be provided by law." It comes within the category of such other courts as the Legislature in the exercise of its constitutional legislative authority has deemed necessary to create.

As such, vacancies in the office of Judge, County Court of Dallas County at Law No. 2, must be filled as provided in Art. 1970–24, V.A.C.S. That statute is as follows:

"Any vacancy in the office of the County Court of Dallas County, at Law, No. 2, shall be filled by the commissioners' court of Dallas county *until the next regular election*." (Emphasis supplied.)

The phrase "next regular election" we understand to mean the "next general election."

The next general election following the resignation of Judge Hartt is the general election to be held November 6, 1956. It is then that an election must be held to fill the office of Judge, County Court of Dallas County at Law No. 2. We overrule appellant's second and third points.

It follows that in our opinion the trial court was correct in its judgment granting the writ of mandamus.

The judgment of the trial court is therefore affirmed.

A motion for rehearing by appellant will not be entertained, for the reason that the time is so short between this date and the date of the next general election that the question might become moot before we could act on a motion for rehearing. Therefore the mandate will issue immediately.