

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

July 18, 1961

Honorable Doug Crouch
Criminal District Attorney
Fort Worth, Texas

Opinion No. WW-1091

Re: The validity of H. B. 626, 57th Legislature, Regular Session, 1961, in prescribing, _inter alia_, a chief clerk for the Probate Court of Tarrant County.

Dear Mr. Crouch:

You have requested an opinion of this office concerning the constitutionality of House Bill 626, Acts of the 57th Legislature, Regular Session, 1961. Your specific questions are as follows:

"1) Is a recent act of the State Legislature creating a 'Chief Clerk' of the Probate Court of Tarrant County and providing for his appointment by the Judge of said Court violative of any constitutional provision of our State Constitution and particularly the constitutional provision that the County Clerk shall be Clerk of the County Court, known as Probate Court of Tarrant County?

"2) If such act is not invalid in the light of No. 1 above, then would it be invalid for the reason that it fails to prescribe the duties of such 'Chief Clerk,' thereby leaving all of the functions of this position uncertain and vague?"

House Bill 626, Acts of the 57th Legislature, reads in part as follows:

"Sec. 15. The Commissioners Court of Tarrant County shall provide the following employees for the Judge of the County Probate Court of Tarrant County: (a) a secretary . . . and (b) a chief clerk . . . the Judge of the County Probate Court of Tarrant County is hereby authorized to employ, supervise, and terminate each and every one of said employees. . . . "

Article 1970-110a, Vernon's Civil Statutes, established the Probate Court of Harris County in terms substantially identical to those employed in the establishment of the Tarrant County Probate Court.  In State, ex rel. Rector v. McClelland, 148 Tex. 372, 224 S.W.2d 706 (1949), the Supreme Court held that Section 1 of Article V of the Constitution afforded authority for the creation of the Probate Court of Harris County.

Authority to establish a court carries with it authority to provide a clerk.  Ex parte Kiburg, 10 Mo. App. 442 (1881); 14 C.J.S. 1212, Clerks of Courts, Sec. 2.

Conceding, then, that there would otherwise be authority to prescribe a clerk for the Probate Court of Tarrant County, can it be said that to do so is in contravention of Section 20 of Article V of the Constitution?  That Section reads in part as follows:

"There shall be elected for each county,
. . . a County Clerk, . . . who shall be clerk
of the County and Commissioners Courts . . ."

Were the Probate Court of Tarrant County a County Court within the meaning of Section 20, legislation prescribing a separate clerk for that court might be invalid as infringing upon the constitutional functions of the County Clerk. This court would seem, however, to enjoy a different status.

Section 1 of Article V of the Constitution creates the various appellate courts and the District, County, Commissioners, and Justices' Courts.  It further allows the Legislature to establish "such other courts as it may deem necessary."

The case of Sterrett v. Morgan, 294 S.W.2d 201 (Civ. App. 1956) held that the County Court of Dallas County, at Law No. 2, as established by Article 1970-15, Vernon's Civil Statutes, is not a County Court.  Rather, the Court reasoned, it is one of those additional courts permitted by Section 1 of Article V of the Constitution.

In view of the foregoing authorities, it is our opinion that the Probate Court of Tarrant County is not a regular county court; consequently, House Bill 626 of the 57th Legislature, which among other things provides for a Chief Clerk of the Probate Court, does not violate the provisions of Section 20 of Article V or any other provision of the Constitution of Texas.

Further, the fact that House Bill 626 does not set forth the duties of the Chief Clerk of the Probate Court does not violate any provision of the Texas Constitution.

## S U M M A R Y

House Bill 626, Acts of the 57th Legislature, Regular Session, 1961, does not violate the provisions of Section 20, Article V, or any other provision of the Texas Constitution. Further, the fact that this Act does not prescribe the specific duties of the Chief Clerk of the Probate Court does not render it unconstitutional.

Yours very truly,

WILL WILSON
Attorney General of Texas

By Gilbert Hargrave

Gilbert Hargrave
Assistant

GH:lgh:zt

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

Harris Toler
Jay Howell
John Reeves

REVIEWED FOR THE ATTORNEY GENERAL
BY:  Morgan Nesbitt