

# THE ATTORNEY GENERAL
## OF TEXAS

WAGGONER CARR
ATTORNEY GENERAL

AUSTIN 11, TEXAS

March 6, 1963

Honorable Henry C. Grover
Chairman, Counties Committee
House of Representatives
Austin, Texas

Opinion No. C-28

Re:     Constitutionality of
        House Bill 450 of the
Dear Mr. Grover:             58th Legislature.

Your request for an opinion reads as follows:

"As Chairman for the Counties Com-
mittee, House Bill 450 by Cavness, Cain,
Ritter and Foreman has come before me
during this session.

"As I understand it, this is a bill
to enlarge the jurisdiction of the present
County Court at Law and create concurrent
jurisdiction with the County Court of Travis
County in matters of eminent domain and pro-
bate.

"The question was raised before this
committee as to whether there might be
some constitutional limitation in giving
County Courts at Law these additional
powers as outlined in this bill.

"Will you please rule on this question
so that we may act on this bill with an
understanding of its constitutionality."

The title of House Bill 450, attached with your re-
quest, reads as follows:

"AN ACT amending Chapter 136, Acts
of the 47th Legislature, Regular Session,
as amended by Chapter 166, Acts of the
51st Legislature, Regular Session, by
creating a County Court at Law No. 1 of

-116-

> Travis County, Texas, in lieu of the
> present County Court at Law of Travis
> County, Texas, providing for the appoint-
> ment, election, removal and salary of the
> judge thereof, and making other provisions
> relative thereto, including provisions that
> such County Court at Law No. 1 shall have
> the same jurisdiction as the present County
> Court at Law of Travis County, Texas, and
> in addition concurrent jurisdiction with
> the County Court of Travis County and any
> other numbered County Court at Law of Travis
> County, now or hereafter created, as to all
> matters of eminent domain and as to all pro-
> bate matters as may be assigned to it by the
> County Judge of Travis County, conforming the
> jurisdiction of the County Court of Travis
> County thereto, providing that the County
> Court of Travis County shall have and retain
> concurrent jurisdiction in all matters of
> probate and eminent domain; but not as to
> other matters civil or criminal; providing
> a severability clause; and declaring an
> emergency."

An examination of the body of the Act reveals that it is in conformity with the title above quoted. Since House Bill 450 contains but one subject which is expressed in its title and the body of the bill is in conformity with the title, it is our opinion that the provisions of Section 35 of Article III of the Constitution of Texas have been complied with.

Section 1 of Article V of the Constitution of Texas provides as follows:

> "The judicial power of this State
> shall be vested in one Supreme Court, in
> Courts of Civil Appeals, in a Court of
> Criminal Appeals, in District Courts, in
> County Courts, in Commissioners Courts, in
> Courts of Justices of the Peace, and in
> such other courts as may be provided by law.

> "The Criminal District Court of
> Galveston and Harris Counties shall con-
> tinue with the district jurisdiction
> and organization now existing by law until
> otherwise provided by law.

"The Legislature may establish such
other courts as it may deem necessary and
prescribe the jurisdiction and organization
thereof, and may conform the jurisdiction
of the district and other inferior courts
thereto."

Since House Bill 450 is an Act "creating a County
Court at Law No. 1 of Travis County, Texas, in lieu of the
present County Court at Law of Travis County, Texas" and
provides for its jurisdiction and organization, it is an
exercise of constitutional power granted the Legislature
pursuant to Section 1 of Article V of the Constitution of
Texas, above quoted. Sterrett v. Morgan, 294 S.W.2d 201
(Tex.Civ.App. 1956).

Section 15 of Article V of the Constitution of Texas
provides that there shall be established in each county in
this State a county court, and Section 16 of Article V of
the Constitution prescribes the jurisdiction of the county
court.

Section 22 of Article V of the Constitution of Texas
reads as follows:

"The Legislature shall have power by
local or general law, to increase, diminish
or change the civil and criminal jurisdic-
tion of County Courts; and in cases of any
such change of jurisdiction, the Legislature
shall also conform the jurisdiction of the
other courts to such change."

Section 4 of House Bill 450 of the 58th Legislature
provides:

"The County Judge of Travis County, in
his discretion, may from time to time, by
order or orders entered upon the minutes of
the County Court of Travis County transfer
to the County Court at Law No. 1 of Travis
County or to any other numbered County Court
at Law of Travis County, now or hereafter
created, any such probate matter or proceed-
ing then pending in the County Court of Travis
County and all processes extant at the time
of such transfer shall be returned to and filed
in the County Court at Law No. 1 of Travis
County or any other numbered County Court at

Law of Travis County, having jurisdiction
thereof, now or hereafter created, and shall
be as valid and binding as though originally
issued out of said County Court at Law No.
1 of Travis County or any other numbered
County Court at Law of Travis County, now
or hereafter created.  The County Court of
Travis County shall have and retain con-
currently with the County Court at Law No.
1 of Travis County and any other numbered
County Court at Law of Travis County, now
or hereafter created, the general juris-
diction of a Probate Court and the juris-
diction now conferred or which may be con-
ferred by law over probate matters."

Since county courts have jurisdiction over probate
proceedings, the question arises as to whether Section 4
of House Bill 450, quoted above, diminishes the county
court's constitutional jurisdiction, in violation of the
Constitution.  It is our opinion that it does not.  This
precise question was settled in State v. McClelland, 148
Tex. 372, 224 S.W.2d 706 (1949), wherein the Supreme Court
of Texas held a statute creating a Probate Court of Harris
County and granting it jurisdiction concurrent with that
of the County Court over probate of wills, appointment of
guardians and other matters, to be constitutional.  Section
4 likewise provides that the County Court at Law No. 1 of
Travis County shall have concurrent jurisdiction with the
County Court of Travis County, and is, therefore, in our
opinion, constitutional.

Since House Bill 450 of the 58th Legislature is an
Act providing for the creation and organization of a county
court at law and conforms its jurisdiction to other courts
in Travis County, you are advised that House Bill 450 is
constitutional.  Sterrett v. Morgan, 294 S.W.2d 201 (Tex.
Civ.App. 1956); State v. McClelland, 148 Tex. 372, 224 S.W.
2d 706 (1949); Jordan v. Crudgington, 149 Tex. 237, 231
S.W.2d 641 (1950); Lord v. Clayton, ___ Tex. ___, 352 S.W.2d
718 (1961); Ex parte Towles, 48 Tex. 413 (1877); Harris
County v. Stewart, 91 Tex. 133, 41 S.W. 650 (1897).

## SUMMARY

House Bill 450 of the 58th Legislature,
creating a County Court at Law No. 1 of

Travis County, Texas, in lieu of the
present County Court at Law of Travis
County, Texas, is constitutional.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

By *John Reeves*
John Reeves
Assistant

JR:ms

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

J. C. Davis
James N. Stofer
George Gray

APPROVED FOR THE ATTORNEY GENERAL
By: Stanton Stone