

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

September 12, 1968

Honorable Roy R. Barrera
Secretary of State
Capitol Building
Austin, Texas  78711

Opinion No. M-278

Re: Whether a voter may write in
the names of presidential and
vice-presidential nominees of
a political party which has
not qualified to place candi-
dates on the ballot in Texas
and have such write-in vote
legally counted, and related
question.

Dear Mr. Barrera:

In your recent letter you have requested the opinion
of this office upon the following questions:

"1.  If a voter writes in the names of
the presidential and vice presidential nominees
of a political party which has not qualified to
place candidates on the ballot in Texas, should
the write-in vote be counted?

"2.  If the answer to Question No. 1 is
that the vote should be counted, how is it de-
termined for what presidential elector candidates
the vote should be counted and recorded?"

In our consideration of your questions and the effect
of the Texas Election Code upon the situation which they present,
we must bear in mind at all times certain basic principles of law
relating to elections.

The purpose of every election is to ascertain the will
of the qualified electors participating upon the subject submitted
for their consideration.  Election laws should secure to the voters
the free expression of their will and achieve the fulfillment of
that will; to that end, election laws will be liberally construed.
Statutory regulation of the elective franchise will not be sanctioned
where they have a stifling effect upon the rights of the voters or
the right of political freedom and the right of self-government.
21 Tex.Jur.2d 220-224, Elections § § 2, 3, 4.

- 1345 -

These principles have been expressly recognized and made applicable to our election laws in the following language quoted from Article 1.01, Texas Election Code:

"The aim in adopting this Code is to state in plain language the laws governing the nomination and election of officers and of holding other elections . . . to the end that the will of the people shall prevail and that true democracy shall not perish from the Lone Star State. To that end the provisions of this Code shall apply to all elections and primaries held in this State, except as otherwise provided herein." (Emphasis added.)

General provisions of the Code relating to write-in votes are set forth in Article 6.06 in the following language:

". . . If the name of the person for whom the voter wishes to vote is not printed on the ballot, the voter shall write in the name of the candidate for whom he wishes to vote, in the write-in column under the appropriate office title in elections where party columns appear on the ballot, and in an appropriate space under the title of the office in other elections; provided, however, that a voter shall not be entitled to vote for any candidate whose name is not printed on the ballot in any runoff election for nominating candidates or electing officers, and a space for write-in votes shall not be provided on the ballot for such elections. A voter shall also not be entitled to vote for any candidate whose name is not printed on the ballot in any other type of election where the law expressly prohibits votes for write-in candidates." (Emphasis added.)

The emphasized sentence in the above quotation is plain and unambiguous. It clearly secures to a voter the right to cast his vote for any candidate whose name is not printed upon the ballot in any election except where the law expressly prohibits votes for write-in candidates.

In keeping with this mandate, in those instances where either voting machines or electronic systems are used, such machine or systems must allow for the voter to cast a write-in vote. Art. 7.14, Sec. 16; Art. 7.15, Subdiv. 4(2)(C), Tex. Election Code.

Article 6.05, Subdivision 3, Texas Election Code, makes it clear that the ballot form in any general or special election shall contain a vertical column on the left-hand side of the ballot which shall be used for printing the titles of the offices to be voted upon and that a space for voting on each of these offices shall be provided for in the column for write-in candidates. This of necessity would include the offices of President and Vice-President of the United States. "When the office to be filled is listed, /on the ballot / write-in votes are valid and must be counted." Sterrett v. Morgan, 294 S.W.2d 201 (Tex.Civ.App. 1956, no writ history).

Subdivision 4 of Article 6.05 and Articles 11.01 through 11.06, Texas Election Code, relate to the election of electors for President and Vice-President of the United States. We find in such articles no express prohibition against votes for write-in candidates in such elections. Therefore, in keeping with the principles emphasized at the beginning of this opinion, where a voter writes in the names of the candidates of a political party for President and Vice-President such write-in vote must be counted. The right of a voter to cast his vote for the candidate of his choice by means of write-in vote does not depend upon whether that candidate's political party has qualified to have the names of its candidates printed upon the ballot in this state; it depends upon whether the Code expressly prohibits such write-in vote. The provisions of Article 11.04 relating to certification of candidates and Article 11.01a relating to nomination of presidential elector candidates apply only where a political party seeks to have the names of its candidates for President and Vice-President printed upon the ballot. It was held in Dunagan v. Jones, 76 S.W.2d 219, 221 (Tex.Civ.App. 1934, no writ), involving a write-in candidate who received a majority of the votes but who refused to pay the required filing fees, "There is a well recognized difference between the rights and duties of candidates in having their names printed on the official ballot, and the legal right of the voters in choosing their nominees on the day of the general primary election."

Your first question is answered in the affirmative.

Adverting to your second question, we make the following observations with regard to elections for the office of President and Vice-President of the United States. These offices are filled by the vote of presidential electors from each state. Unless there is some statutory provision directing how and when a party shall select its candidates for the office of presidential electors, a party may select such candidates by any method not expressly prohibited by law. Stanford v. Butler, 142 Tex. 692,

181 S.W.2d 269 (1944); <u>Seay v. Latham</u>, 143 Tex. 1, 182 S.W.2d 251 (1944).

A voter who votes for presidential electors does so with the expectation that the electors will cast their vote, if elected, for the candidates for President and Vice-President favored by the voter. In this State, a vote for the candidates of any political party for President and Vice-President of the United States <u>must</u> be counted as a vote for the candidates for presidential <u>electors</u> of the same party. Art. 11.02, Art. 11.03, Tex.Election Code. Under this system, when one votes for the candidates of a party for President and Vice-President, it must be conclusively presumed that he intends that his vote be counted for the electors named by that party. This is equally true in the instance where a voter writes in the names of the candidates for President and Vice-President of the United States.

In answer to your second question, you are advised that write-in votes for the candidates for President and Vice-President are to be counted and recorded as votes for electors pledged to those candidates.

It is of no legal significance that the record of certified candidates on file in your office does not reflect the names of the candidates of a particular political party for the office of presidential electors. Under the provisions of Article 14.01 of the Texas Election Code, the term "candidate" has a much broader meaning:

"The word 'candidate' shall mean any person who has announced to any other person or to the public that he is a candidate for the nomination for or the election to any public office which is required by law to be determined by an election."

Announcement of candidacy to other persons is all that is required in order that write-in votes be counted for a person whose name is not on the ballot for a particular office. <u>Sterrett v. Morgan</u>, 294 S.W.2d 201 (Tex.Civ.App. 1956, no history).

In the event a political party or individual candidates for President and Vice-President of the United States have not notified your office of the names of their candidates for the office of presidential elector, we perceive of no obstacle to your making inquiry of the identity of such candidates for presidential electors during the period which intervenes between

Hon. Roy R. Barrera, page 5 (M-278)

the canvass of the votes and the time for such electors to convene under Article 11.05, Texas Election Code. There is nothing in the Election Code which requires that their identity be known to you at the time the vote is canvassed.

Our answer to your questions is supported by Attorney General Opinion Number V-1531 (1952) and the authorities cited therein. We hereby affirm that opinion.

## S U M M A R Y

Where a voter writes in the names of the candidates of a political party for President and Vice-President of the United States, such write-in vote is valid and must be counted as a vote for the candidates of that party and for the slate of presidential electors of that political party, regardless of whether such party has qualified to have the names of its candidates for office printed on the ballot.

If the Secretary of State has not been notified as to the identity of the slate of presidential electors for write-in candidates for President and Vice-President, inquiry may be made by the Secretary of State as to the identity of such presidential electors.

Attorney General Opinion Number V-1531 (1952) is affirmed.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by W. O. Shultz
Assistant Attorney General

APPROVED:
OPINION COMMITTEE
Hawthorne Phillips, Chairman
Kerns Taylor, Co-Chairman
John Reeves
Alvin Zimmerman
Roger Tyler
A. J. CARUBBI, JR.
Executive Assistant