**Adan V. GONZALES, Relator,**

v.

**J. G. KNIGHT et al., Respondents.**

**No. 597.**

Court of Civil Appeals of Texas, Corpus Christi.

Oct. 13, 1970.

Edwards & DeAnda, James DeAnda, Corpus Christi, Hector Gonzales, Beeville, Mario Obledo, San Antonio, for relator.

Luther E. Jones, Jr., Corpus Christi, for respondents.

OPINION

GREEN, Chief Justice.

This is an original application for a writ of mandamus authorized under the provi-

sions of Article 1735a, Vernon's Ann.Civ. St. Relator Adan V. Gonzales, the Democratic nominee for Commissioner of Precinct No. 1 of Bee County, Texas, seeks the writ against J. G. Knight, County Judge, Hazel Parchman, County Clerk, and other officials constituting the County Election Board of Bee County, to require respondents to print or have printed official ballots for the general election to be held in Bee County on November 3, 1970, which do not contain the name of Domingo Medina as a candidate for County Commissioner, Precinct No. 1. Medina is a party to the suit and, along with other respondents, has duly appeared by counsel and answered.

The following appear from the record as undisputed and established facts.

The county commissioner of Precinct No. 1, Bee County, died on April 18, 1970. His four year term of office will expire on December 31, 1972. The unexpired portion of the term must be filled by election of a successor in the general election to be held November 3, 1970 in accordance with the provisions of Article 13.12a, Texas Election Code, V.A.T.S. Since the death of the incumbent occurred within 30 days of the general primary election (May 2) and more than 20 days before the general election, (November 3), Subsection (2) (iii) of Art. 13.12a applies to nominations by political parties holding primaries; subsection (5) of such article applies to independent or nonpartisan candidates.

Respondent Medina was appointed to succeed deceased incumbent. He was on July 27 certified by the County Democratic Executive Committee as the democratic nominee for the office. While waiting for legal advice, the county clerk and other officials were served with notice of the filing in this Court of a petition for writ of mandamus brought by the present relator to have his name certified as the democratic nominee following his nomination for the office by the precinct convention. Art. 13.12a(2) (iii) as amended in 1967. While this application was pending in this Court,

the clerk in person and through her attorney in open court agreed on September 9 to certify relator Gonzales as the democratic candidate, and the application for mandamus was dismissed.

Thereafter, on September 14, one hundred days after the second primary which was held June 6, 1970, respondent Medina filed as an independent candidate for County Commissioner, Precinct No. 1, and respondent County Judge Knight certified his name to respondent County Clerk as such independent candidate. Relator sought and obtained a writ of injunction in the district court of Bee County enjoining respondent Parchman from printing Medina's name on the official ballot as an independent candidate. Notice of appeal was given by defendant Parchman, who posted a supersedeas bond and perfected appeal to this Court. Notwithstanding the injunction, and due to the supersedeas bond, respondent county clerk on October 5 proceeded to have official ballots printed with Medina's name as an independent candidate for county commissioner, precinct No. 1.

Relator filed his Motion for Leave to File Petition for Writ of Mandamus in this Court on October 6, which leave was granted on that day. Immediately his Petition was filed.

The basic position of Relator is that the office of county commissioner, precinct No. 1 became vacant prior to the date of the second primary election and applications of candidates to run as independent or nonpartisan candidates were required to be filed not later than 30 days after June 6, the date of the second primary election. Art. 13.12a(5) Texas Election Code. Since Medina did not file with the county judge his consent to be an independent candidate for that office until September 14, relator says that Medina's name should not be printed on the general election ballot. Relator's position is further that since the ballots for the general election have been printed under the direction of Hazel Parchman, County Clerk of Bee County,

containing the name of Domingo Medina as an independent candidate for the office in question, mandamus should issue from this Court commanding the respondents to print or cause to be printed official ballots for the general election which do not contain the name of Medina as a candidate for the office of County Commissioner, Precinct 1, Bee County, Texas (and for other relief as set out in the prayer of relator's petition).

The basic position of respondents is that Medina did not have reasonable opportunity to file as an independent candidate prior to the filing date provided for independent candidates by the Election Code, particularly Art. 13.12a. Respondents here rely on the cases of Sterrett v. Morgan, 294 S.W.2d 201 (Tex.Civ.App., Dallas, Sept. 28, 1956, n. w. h.) and the unreported case of Sterrett v. Hyer, decided by the Dallas Court of Civil Appeals on October 5, 1956.

The material facts applicable to both *Morgan* and *Hyer* are set out in the opinion in *Morgan*. The principal holding in *Morgan* was that an election was required to be held November 6, 1956 to fill the office of judge, County Court of Dallas County at Law No. 2. The vacancy in that office had been caused by the resignation of the incumbent judge on September 1, 1956. The County Judge of Dallas County took the position that the office in question was not to be filled at the general election in 1956 because the vacancy therein had been filled by appointment of Julian C. Hyer to serve out the full unexpired term of the resigned judge, extending to December 31, 1958. In *Morgan* the court held the County Judge's position to be wrong and mandamus was granted commanding him to include the said office in the election notices and orders as an office to be filled at the next general election on November 6, 1956.

The unreported opinion in *Hyer* (Hyer had filed as an independent candidate for the office of Judge, County Court at Law following the decision in *Morgan*) in substance holds that *Hyer* "has not had a rea-

sonable opportunity to comply with the letter of the law in the matter of filing his petitions to have his name as a candidate placed on the ballot at the General Election to be held November 6, 1956" and that "his petitions should be received and acted upon by the County Judge in the same manner they would have been received and acted upon by the County Judge if they had been filed within thirty days after the second primary election."

At the time of the decisions in *Morgan* and *Hyer*, Art. 13.12a Election Code was not in effect. Such article was added to the Election Code by the 58th Legislature, Acts 1963, p. 1017, ch. 424, Sec. 88. The article, particularly in 1967, has been amended in some respects. Art. 13.12a contains detailed provisions concerning nomination and election to fill an unexpired term. Section (5) thereof, governing the right of an individual to have his name on the general election ballot as an independent or nonpartisan candidate, reads as follows:

"(5) Independent and nonpartisan candidates. If the vacancy occurs on or before the date of the second primary election, applications of independent or nonpartisan candidates must be filed in accordance with the provisions of Section 227 of this Code, not later than thirty days after the second primary election day. If the vacancy occurs after the second primary election day, and more than twenty days before the day of the general election, independent or nonpartisan candidates may file applications in the manner provided in Section 227, except that the application shall be filed not later than thirty-five days before the day of the general election if the vacancy occurred more than forty days before the day of the general election, and for subsequent vacancies, the application shall be filed not later than twenty days before the day of the general election. No person shall sign an application prior to the occurrence of the vacancy, and any signature before that time shall be void."

Art. 13.12a(5) specifically refers to "Section 227 of this code". The latter section is codified as Art. 13.50 Election Code and relates particularly to nonpartisan and independent candidates generally without specific reference to nomination and election for an unexpired term.

In our view, Art. 13.12a "delineates in logical sequence the procedure to be followed and the steps to be taken" and the time within which to follow such procedure and take such steps, in connection with "Nomination and election to fill unexpired term." See La Raza Unida Party et al. v. Harold J. Dean, Judge et al., Tex.Sup., October 7, 1970. Sec. (5) of the Article sets forth specifically the time limits for taking the steps in order to have one's name printed on the official ballot as an independent or nonpartisan candidate.

Respondents' contention that Medina did not have reasonable opportunity to file as an independnet candidate for the office in question prior to the filing date provided by Art. 13.12a is not well taken. The vacancy in the office due to the death of the incumbent office holder occurred long prior to the date of the second primary election. Medina could have filed as an independent candidate within 30 days thereafter if he had desired to do so. Rather than pursuing that course, Medina sought to be the Democratic nominee. His purported nomination as such was by the wrong group and his said effort failed. The *precinct* democratic executive committee, and *not* the *county* committee, had the right in this situation to name the democratic party nominee. Art. 13.12a(2) (iii) as amended in 1967. At best, it can be said that Medina made a mistake of law. But his present position is due to his own conduct and does not excuse his late filing as an independent candidate.

Respondents' second contention that Art. 13.12a(5) violates Art. I, Sec. 3, Texas Constitution, Vernon's Ann.St., and the 14th amendment to the U. S. Constitution is without merit and is overruled.

Our separate Cause No. 596 involves an appeal by Hazel Parchman, County Clerk of Bee County, from a judgment of the 36th Judicial Court of Bee County, Texas, enjoining her from causing to be printed on the ballot of the forthcoming general election in Bee County the name of Medina as an independent candidate for the office of County Commissioner of Precinct 1 of that county. The judgment of the trial court in that case has been affirmed and separate opinion handed down. The supersedeas bond has been set aside insofar as it affects enforcement of this judgment.

Mandamus will issue in this case (as provided for in the order heretofore announced). In view of the fact that time is of the essence, since absentee voting is due to begin on October 14, 1970, the Court will not entertain a motion for rehearing.