

# THE ATTORNEY GENERAL

# OF TEXAS

JOHN L. HILL.
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

October 28, 1975

The Honorable Luther Jones
Chairman
Committee on Elections
House of Representatives
P. O. Box 2910
Austin, Texas 78767

Opinion No. H- 726

Re: Terms of office of Harris
County constables elected
immediately following a re-
districting of precincts.

Dear Mr. Jones:

On behalf of the House Committee on Elections you have requested our opinion concerning the terms of office of constables in Harris County. You inform us that Harris County elected constables for each justice precinct in 1972. On June 28, 1973, the Harris County Commissioner's Court adopted a redistricting plan and, pursuant to article 2351 1/2, V. T. C. S., appointed a number of incumbents to the new offices created thereby. Subsequently, all but one Harris County constable ran for election in 1974. See article 2355, V. T. C. S. Your question is whether the election of constables in 1974 was for a two or four year term.

Article 5, section 18 of the Texas Constitution provides that the term of office for constables is four years. However, article 16, section 65 of the Texas Constitution establishes the timing for election of various officers, including constables, providing that:

> Notwithstanding other provisions of this
> Constitution, the following officers elected
> at the General Election in November, 1954,
> shall serve only for terms of two (2) years:
> . . . (b) Assessors and Collectors of Taxes;
> . . . (g) Constables. At subsequent elections,
> such officers shall be elected for the full terms
> provided in this Constitution.

Article 16, section 65 additionally provides that judges of County Courts at Law elected in the 1954 elections shall serve the full term of office provided in the Constitution. Pursuant to this provision this office has ruled that judges of County Courts at Law are to be elected in 1954, 1958, 1962, 1966, 1970, etc., and that

an election for a newly created office in 1968 would be for a term of only two years since an election was required to be held in 1970.  Attorney General Opinion M-566 (1970).

In Attorney General Opinion WW-1292 (1962) this office ruled that an election in 1962 of a tax assessor-collector would be for a term of only two years since article 16, section 65 required elections for assessor-collectors in 1956, 1960, 1964, etc.   Attorney General Opinion C-235(1964) reached a similar result with respect to justices of the peace.  See also Rawlins v. Drake, 291 S.W. 2d 349(Tex. Civ. App. --Dallas 1956, no writ).

In accordance with these prior opinions of this office, it is our view that article 16, section 65 clearly requires elections for four year terms of office for constables in 1956, 1960, 1964, 1968, 1972, 1976, 1980, etc.  Thus the 1974 election of constables, pursuant to article 2355, V.T.C.S., was for a term of only two years, and another election for the offices of constable must be held in 1976.

## SUMMARY

An election for the offices of constable
must be held in 1976 pursuant to article 16,
section 65 of the Texas Constitution.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jad: