

# The Attorney General of Texas

November 9, 1983

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

01 Texas, Suite 700
ⴑouston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Bob Bush
Chairman
Committee on Judiciary
Texas House of Representatives
P. O. Box 2910
Austin, Texas 78769

Opinion No. JM-90

Re: Whether a county court at law must be located at the county seat

Dear Representative Bush:

You ask whether the legislature may create a county court at law to sit at some location within the county other than the county seat.

Section 1 of article V of the Texas Constitution provides in part as follows:

> The Legislature may establish such other courts as it may deem necessary and prescribe the jurisdiction and organization thereof . . . .

County courts at law are established under authority of this provision. Sterrett v. Morgan, 294 S.W.2d 201 (Tex. Civ. App. - Dallas 1956, no writ). The constitutional county courts are established by article V, section 15 of the Texas Constitution. See also Tex. Const. art. V, §1.

There is no constitutional provision which would require county courts at law to conduct their proceedings at the county seat. See Tex. Const. art. V, §1, cf. arts. V, §§15-17 (provisions on county judges, jurisdiction, and term of county court).

Article 1602, V.T.C.S., provides that all terms of the county court be held at the county seat. However, this statute refers to county courts and not to county courts at law. Moreover, a statute is subject to amendment or implied repeal by a later statute. See, e.g., Popham v. Patterson, 51 S.W.2d 680 (Tex. 1932); Townsend v. Terrell, 16 S.W.2d 1063 (Tex. 1929). Section 4 of article 1605a-5, V.T.C.S., authorizes a commissioners court to designate facilities outside of the county seat as auxiliary courts for purposes of conducting non-jury proceedings.

The constitutional provisions regarding county courts at law may be contrasted with article V, section 7, which provides that a

district court "shall conduct its proceedings at the county seat of the county in which the case is pending, except as otherwise provided by law." (Emphasis added). The underlined language was added by a 1949 amendment. See HJR No. 22, Acts 1949, 51st Session at 1496; Table I, Votes on Proposed Amendments to the Texas Constitution, 1875-1949, Acts 1951, 52nd Leg., at 1621, 1627.

Prior to the 1949 amendment to article V, section 7, the Texas Supreme Court held invalid the creation at Texarkana of a district court called the "Texarkana Court at Law" on the ground that a district court must be located at the county seat. Turner v. Tucker, 258 S.W. 149 (Tex. 1924). Boston, and not Texarkana, is the county seat of Bowie County. The legislature granted the "Texarkana Court at Law" most of the jurisdiction in civil cases exercised by the district court within Bowie, as well as much of the jurisdiction exercised by the county court. The supreme court stated that "a court empowered to discharge principal functions of the district court must be regarded as a district court in giving effect to the command of the amendment." 258 S.W. at 150. The 1949 addition to article V, section 7 invalidated this holding.

The Turner v. Tucker court also relied on article IX, section 2 of the Texas Constitution, which concerns the removal of the county seat. The opinion noted that a county seat was originally called the seat of justice in the county, and that to permit the establishment of the "Texarkana Court at Law" at Texarkana would remove the county seat without complying with the procedures set out in article IX, section 2.

Subsequent cases have ignored this secondary holding in Turner v. Tucker, or have overruled it sub silentio. The court of appeals in Jordan v. Crudgington, 225 S.W.2d 917 (Tex. Civ. App. - Fort Worth 1949, no writ), held that a statute establishing a court of domestic relations was unconstitutional. The court's jurisdiction would be equal to that of a district court yet many provisions of the creating statute could not be constitutionally applied to a district court; for example, it did not require the court to sit at the county seat. The supreme court reversed and found the statute constitutional except for three provisions: it provided for terms of office of more than two years; provided for the removal of the judge and clerk by the juvenile board; and provided for a jury of fewer than twelve persons. Jordan v. Crudgington, 231 S.W.2d 641 (Tex. 1950).

In Cox v. Wood, 256 S.W.2d 841 (Tex. 1953), the supreme court held that a juvenile court was not required to sit at the county seat of Dallas County as it existed when Dallas became the county seat. Thus, the Turner v. Tucker discussion on article IX, section 2, has not been applied to legislatively created courts. See also Attorney General Opinion C-391 (1965) (1949 amendment to article V, section 7

authorizes legislation locating district court elsewhere in county than at county seat).

In our opinion, the legislature is authorized to create a county court at law to sit at some location in the county other than the county seat.

## S U M M A R Y

The legislature may create a county court at law to sit at some location in the county other than the county seat.

Very truly yours,

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by Susan L. Garrison
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Jon Bible
David Brooks
Colin Carl
Susan Garrison
Jim Moellinger
Nancy Sutton